

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

v.

PATRICIA ANDREA LANDAETA
GONCHAR,

Defendant.

Case No. 1:20-cr-273-CMH

## STATEMENT OF FACTS

The United States and the defendant, PATRICIA ANDREA LANDAETA GONCHAR (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about October 3, 2019, in Fairfax County, Virginia, within the Eastern District of Virginia, GONCHAR knowingly, and with intent to defraud, used an unauthorized access device, namely, a PNC debit card in the name of VICTIM-1, and by such conduct obtained items of value aggregating $1,000 or more during a one-year period, which offense affected interstate commerce.

2. On or about October 3, 2019, in Fairfax County, Virginia, within the Eastern District of Virginia, GONCHAR knowingly possessed and used, without lawful authority, a means of identification of another person with intent to commit and in connection with unlawful activity that constitutes a violation of Federal law and a felony under Virginia law.

3. On or about October 3, 2019, GONCHAR took a wallet containing access devices from VICTIM-1's person without VICTIM-1's permission while VICTIM-1 was shopping at a store in the Tysons area of Fairfax County, Virginia, within the Eastern District of Virginia.

1

4. GONCHAR then took VICTIM-1's wallet and access devices to a nearby department store in Tysons Corner Mall, in Fairfax County, Virginia, within the Eastern District of Virginia. There, GONCHAR used one of VICTIM-1's access devices to purchase $1,605.90 in property from the department store. VICTIM-1 did not authorize GONCHAR to use the access device.

5. Officers from the Fairfax County Police Department ("FCPD") arrested GONCHAR in the parking lot of Tysons Corner Mall. In GONCHAR's vehicle, FCPD officers recovered the property GONCHAR had purchased with VICTIM-1's access device, a receipt for that property, and VICTIM-1's wallet.

6. During and immediately after her arrest, GONCHAR failed to provide her own name to FCPD officers. Instead, GONCHAR pretended to be VICTIM-2 by providing FCPD with VICTIM-2's identifying information and purported government identification with GONCHAR's picture and VICTIM-2's identifying information. VICTIM-2 did not authorize GONCHAR to use her identifying information.

7. GONCHAR purchased VICTIM-2's identifying information in New York. GONCHAR then used that information to obtain other means of identification, including bank cards in VICTIM-2's name. GONCHAR also used that information to lease an apartment in VICTIM-2's name in California.

8. At the time of her arrest, GONCHAR possessed: (1) a social security card with VICTIM-2's social security number; (2) a fraudulent driver's license with GONCHAR's picture but VICTIM-2's name; (3) at least two bank cards in VICTIM-2's name.

9. GONCHAR provided VICTIM-2's means of identification to FCPD officers with the intent to commit and in furtherance of Federal and Virginia and felony offenses, including

unlawful flight to avoid prosecution (18 U.S.C. § 1073) and identity theft (Va. Code Ann. § 18.2-186.3).

10. Following GONCHAR's Virginia arrest, she was charged with several felony offenses in the Commonwealth. She was subsequently released on bond. After her release on Virginia charges, GONCHAR fled the District. The Fairfax County General District Court issued a bench warrant for GONCHAR in VICTIM-2's name.

11. On March 14, 2020, VICTIM-2 was arrested when she reentered the country in Atlanta, Georgia. VICTIM-2 was held in custody for almost two weeks and extradited to this District. VICTIM-2 was not released until FCPD officers in this District realized that VICTIM-2 was not GONCHAR. VICTIM-2 played no role in GONCHAR's criminal conduct.

12. After further investigation, the authorities discovered GONCHAR's true identity and issued a warrant in her name. GONCHAR was arrested in California on September 8, 2020.

13. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

14. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

Date: 3/5/2021      By: _____
Christopher J. Hood
Marc J. Birnbaum
Assistant United States Attorneys

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, PATRICIA ANDREA LANDETA GONCHAR, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Patricia Andrea Landeta Gonchar

I am Fernando Villarroel, defendant's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

/s/
_____
Fernando Villarroel
Attorney for Defendant